

FILED
RICHARD W. NAGEL
CLERK OF COURT

20 JUL 14 AM 9:58

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

John L. O'Shea (0042291)
Attorney for Defendant

## U.S. DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE No. 1:18-CR-119 |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **JUDGE MICHAEL R. BARRETT** |
| vs. | : | |
| | : | |
| **PAUL YANG,** | : | **SENTENCING MEMORANDUM** |
| | : | |
| **DEFENDANT.** | : | |

Defendant Paul Yang ("Defendant"), through counsel, respectfully offers this sentencing memorandum in response to the Final Presentence Report ("PSR") submitted by the United States Probation Office ("Probation").

Defendant understands that incarceration is a possible part of his ultimate sentence. Probation recommends one day of incarceration. In consideration of the totality of the instant facts and circumstances, Defendant submits the following.

### Background Information

Defendant was a family physician with Lindenwald Medical Associates, Inc. ("LMA") from about December 2007 to about April 2012. The conduct that served as the basis for the charges in the instant case occurred during that time.

In 2018, Defendant was charged with Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349. The scheme was orchestrated by LMA. Defendant was directed by his superiors to bill Medicare and Medicaid for more than the work that was done. On September 21, 2018, Defendant pled guilty to the only charge against him.

1

Defendant is 53 years old. He was born in Ann Arbor, Michigan, where he stayed throughout college and medical school. He has lived in Ohio for 15 years. Defendant has a supportive family with strong bonds. He currently lives with his wife of 20 years and two children, aged 13 and 16, in West Chester, Ohio. His mother and one sister live nearby.

Defendant has suffered indescribable embarrassment from his actions. He was terminated as a physician at Kettering Physicians Network in 2018 because of this case. Defendant is prohibited from billing Medicaid because of this case. That has prevented Defendant from working as a physician and he is no longer practicing medicine.

Now Defendant is working for a life insurance company. With the exception of the instant offense, Defendant has lived a law-abiding life. He was always near the top of the class from high school through college and graduated from medical school with high grades. He was a talented family medicine doctor. His decades-long successful career is now ruined by this conviction. Defendant admitted his crime and accepted full responsibility for his crime. Defendant has done everything he can to make this bad situation, which he created for himself, as easy for everyone involved. Defendant and his family are anxious to move forward with their lives together and leave this humiliation, which Defendant has caused, behind them.

Defendant has been fairly treated in this matter by all involved, including, without limitation, this honorable Court, the United States Attorney's Office, and Probation.

### Recommended Sentence

The PSR recommends a sentence of one day of imprisonment, two years of supervised release, a fine of $4,000, and restitution in the amount of $195,370. Defendant appreciates the fairness with which Probation has handled his case. The recommended sentence of one day in custody is a downward departure based on the facts of the case, the amount of time since the

offense was committed, Defendant's otherwise law-abiding life, and avoiding an unwarranted disparity between similarly situated defendants, complying with the factors of 18 U.S.C. §3553(a).

The recommended sentence juxtaposed against Defendant's requested sentence is not materially different.

### Offense Level and Criminal History

Probation has determined there is a total offense level of 15. Defendant submits that he should have another downward departure for his mitigating role. Defendant was a minimal participant in the crime. A minimal participant is one who is among the least culpable of those involved. U.S.S.G. § 3B1.2, Note 4. A minimal participant in a crime is afforded a downward departure of 4 levels.

In the event the Court disagrees that Defendant was a minimal participant, he was at least a minor participant. A minor participant is one who is less culpable than others in the group, but not minimal. U.S.S.G. § 3B1.2, Note 5. A minor participant would result in a downward departure of 2 levels.

Importantly, the Probation Department's investigation noted that Defendant would not have participated but for his superior's influence, and that Defendant did nothing to expand the criminal activity. He had absolutely no role in planning or organizing the criminal activity. He did not have decision-making authority in this situation, as he was at the mercy of his boss, the orchestrator of the scheme. Defendant did not create any of the schemes and merely followed the methods that were already in place at LMA at the direction of his supervisor.

Additionally, the commentary to U.S.S.G. § 3B1.2 notes that a defendant may be afforded an adjustment if the loss amount "greatly exceeds" the defendant's personal gain from a fraud offense. Here, Defendant did not have any monetary gain from the offense other than his normal salary.

Defendant requests that his total offense level should be 11 if he is a minimal participant, and 13 if he is a minor participant.

Defendant has no criminal record. Defendant agrees with the PSR's finding of a criminal history category of I.

Defendant has been under court supervision on pre-trial release since September 21, 2018. Defendant has complied with the terms and conditions of his release and has cooperated fully with the Government's investigation. He is an excellent candidate for probation, having demonstrated this through 22 months of pretrial release.

Probation has already recognized that Defendant's conduct necessitates minimum penalties. The totality of the circumstances inures to the Defendant's benefit in this regard and Defendant asks this Court to impose a term of probation in lieu of any incarceration.

**Financial sanctions**

Fine

Probation recommends a $4,000 fine. A fine is a burden on the defendant and his family. He has been unable to earn an income while trying to find employment, first as a physician, and now in a different field. Without the ability to work as a physician, his income level has greatly diminished, and his expenses have increased due to payment of restitution. Not imposing a fine or ordering one below the recommendation would still impress upon the defendant the seriousness of his crime and would not diminish the seriousness of this case.

Restitution

The Plea Agreement provides that "Defendant agrees to pay restitution determined by the Court." Defendant submits that the Court should not order that he pay any restitution. Defendant understands the severity of the harm imposed on the citizens. He did not receive any benefit from the loss. Defendant complied with his employer in order to keep his job and provide for his family. Mentioned above, is that Defendant has been unable to find work in the field where he built his career for decades and the ramifications.

Section §3553(a) is specifically concerned with the deterrence effect of a sentence, as well as the protection such sanctions offer to the public. A sentence without incarceration is appropriate and would adequately deter this type of conduct. Defendant has fully complied with the terms of his Court supervision, without issue. Finally, Defendant has the continued support of family and friends. Defendant has taken steps to prevent future actions of this nature and is therefore not a risk to ever engage in any similar actions. The deterrence effect of sentencing is satisfied by minimal sanctions.

**Conclusion**

The PSR provides this Court with an accurate description of Defendant's role in this and his unequivocal acceptance of responsibility for his actions. Defendant's total offense level is low and a downward departure, as suggested by the PSR, is appropriate under the circumstances.

Defendant understands and does not discount his responsibility in this matter. Defendant is ready to be sentenced for his offense.

Respectfully submitted,

*/s/ John L. O'Shea*
John L. O'Shea (0042291)
Attorney for Defendant
Cohen, Todd, Kite & Stanford, LLC
250 East Fifth Street, Suite 2350
Cincinnati, Ohio 45202 - 5136
513 421-4020 / fax: (513) 241-4922

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2020, the foregoing was served on Timothy D. Oakley Esq. by electronic mail: Tim.Oakley@usdoj.gov.

*/s/ John L. O'Shea*
John L. O'Shea